IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Constance Hauck Adamson, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Socialist Corporation of KY, ) <br> ) <br> Defendant. ) | Civil Action No. 6:14-3605-HMH-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

       The plaintiff is a resident of Louisville, Kentucky. In the above-captioned case, the plaintiff has brought suit against the "Socialist Corporation of KY." The complaint reveals that the "Socialist Corporation of KY" is actually the government of the Commonwealth of Kentucky.

       In the "STATEMENT OF CLAIM" portion of the complaint, the plaintiff makes various statements and allegations about authorities in Louisville, Kentucky. She contends that those authorities are reading her mind and "pushing her around by the use of a helium blimp and a satellite," and that "[t]hey" took seventy dollars away from her Social Security benefits in July (doc. 1 at 3, 4). In her prayer for relief, the plaintiff states that she wants to escape and wants "taken money" (*id*. at 5). The plaintiff also writes: "They always read my mail" (*id*.).

       Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The plaintiff is a *pro se* litigant, and thus the plaintiff's pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554

(D.S.C. 2008).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The Commonwealth of Kentucky is immune from suit under the Eleventh Amendment. *See, e.g., Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743, 744–45 (2002); *Kentucky v. Graham*, 473 U.S. 159, 162–171 (1985) (Commonwealth of Kentucky entitled to Eleventh Amendment immunity with respect to the merits of civil rights case and as to attorney's fees for officials sued in their individual capacities); and *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process.  The plaintiff's attention is directed to the Notice on the next page.

| | |
|---|---|
| September 11, 2014 | s/ Kevin F. McDonald |
| Greenville, South Carolina | United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that she may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).